UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK CARROCA | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 12-11202-DJC |
| v. | ) |
| | ) |
| ALLSTAR ENTERPRISES AND | ) |
| COLLISION CENTER, INC. and | ) |
| ROBERT CUCURULL | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The plaintiff submits this memorandum of law in support of his motion to compel discovery from the Defendant ROBERT CUCURULL.

**INTRODUCTION AND DISCOVERY CONFERENCE**

The plaintiff brings this motion as a result of the defendants' failure to provide any response to his first set of interrogatories properly served pursuant to Fed. R. Civ. P. 33.

The plaintiff requested, pursuant to Local Rule 37.1, by email and phone message, a discovery conference with Donald L. Conn, Jr., Esq., the attorney for the defendants, on November 13, 2012. Attorney Conn did not respond to the plaintiff's request for a discovery conference.

**STATEMENT OF CASE**

This case arises under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. The plaintiff brings this action against the defendants for failing to pay him overtime as required under federal law.

**DISCOVERY REQUESTS AND ARGUMENT**

I. <u>The Defendants Served No Response to the Plaintiff's Interrogatories</u>

The defendant has provided no answers or responses to the plaintiff's first set of interrogatories served on the defendant on October 5, 2012. Copies of these interrogatories are attached hereto and collective marked as <u>Exhibit A</u>. Because the defendants have not served any response or written objections in response to the plaintiff's interrogatories and requests, Fed. R. Civ. P. 37(d) applies. The Rule provides that:

> If a party … fails to … serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just [….] In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

The "orders" a Court may issue under Fed. R. Civ. P. 37(d) include ordering that facts be deemed admitted, that a party can not deny certain claims or defenses, that averments in pleadings be stricken, or that judgment by default shall enter against the

disobedient party.  See Fed. R. Civ. P. 37(b)(2)(A),(B) and (C). Included among the orders that the Court may issue is, of course, the lesser relief of compelling discovery pursuant to Fed. R. Civ. P. 37(a).  However, if the Court finds that the defendants have not served any written responses or objections to the plaintiff's discovery requests as required by Fed. R. Civ. P. 33, it must order that the defendants pay the plaintiff her reasonable expenses, including attorney's fees, occasioned by the failure unless the Court makes specific findings that the failure was "substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d); see, e.g., Metrocorps, Inc. v. Eastern Massachusetts Jr. Drum & Bugle Corps Ass'n, 912 F.2d 1, 2 (1st Cir. 1990) (discussing the identical language of Fed. R. Civ. P. 37(b)(2) and holding that a District Court must make such findings if it does not impose costs and fees on the disobedient party).

## CONCLUSION

Defendants must comply with properly served discovery requests.  The defendants have failed to do so.  The plaintiff requests the Court order the defendants to comply with their discovery obligations under Fed. R. Civ. P. 33 and by issuing an order under Fed. R. Civ. P. 37(a) compelling discovery.  The plaintiff also asks the Court to grant his counsel 10 days from the Court's order on this motion to file a verified motion for attorney's fees and costs necessitated by the defendant's failure to make discovery.

Respectfully submitted, this 21th day of November, 2012.

DEREK CARROCA,

by his attorney,

*/s/ Nicholas F. Ortiz*

───────────────────────
Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501

Boston, MA 02116
617-716-0282

CERTIFICATION OF SERVICE

    I, Nicholas F. Ortiz, hereby certify that to the best of my knowledge counsel for the defendants was served this document today via the Court's ECF noticing system.

*/s/ Nicholas F. Ortiz*
_____
Nicholas F. Ortiz