UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK CARROCA, <br><br> Plaintiff <br><br> v. <br><br> ALL STAR ENTERPRISES AND COLLISION CENTER, INC., and ROBERT CUCURULL, <br><br> Defendants. | Civil Action No. 12-11202-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                         July 10, 2013

**I.    Introduction**

Plaintiff Derek Carroca ("Carroca") has sued Defendants All Star Enterprises and Collision Center ("All Star") and the president of All Star, Defendant Robert Cucurull ("Cucurull"), alleging non-payment of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. ("Count I") and non-payment of wages in violation of Mass. Gen. L. c. 149 § 148 ("Count II").  Carroca has moved for summary judgment on both counts.  D. 17.

**II.    Background[1]**

Plaintiff Carroca was employed by Defendant All Star as an auto body repairman.  ¶ 5. Approximately 90% of All Star's business is the repair of automobiles; the remaining 10% of the business is the sale of automobiles.  ¶¶ 1-2.  Defendant Cucurull at all material times was the

---

[1] All references are citations to the parties' statements of undisputed facts.  Pl. Stmt. of Facts, D. 19; Def. Resp., D. 23.

president of All Star. ¶ 3. Between August 17, 2010 and May 14, 2012, Carroca worked 1,141.25 hours in excess of 40 hours per week at various hourly wages as set forth on the Defendants' payroll report. ¶ 6. During weeks when Carroca worked more than 40 hours per week, the Defendants did not pay him "time and one-half" for overtime. ¶ 7.

On July 3, 2012, Carroca filed a two-count complaint alleging the federal and state wage violations. D. 1. Carroca has now filed for summary judgment on both counts, D. 17, and the Defendants have opposed that motion, D. 21. The parties have not requested oral argument. See D. Mass. L. R. 7.1(d).

**III.   Analysis**

A party is entitled to summary judgment when there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012). Here, the Court finds that there is no genuine dispute of material fact and that Carroca is entitled to judgment as a matter of law.[2]

**A.     The Defendants are Liable for FLSA Violations under 29 U.S.C. § 207**

Carroca alleges that the Defendants have violated the maximum hours provision of the FLSA. That statute provides:

> No employer shall employ any of his employees who . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . .

---

[2] There is a discrepancy in the Defendants' joint filings as to whether they believe there is any genuine dispute of material fact. Compare Def. Opp., D. 21 at 1 (stating that "there are material facts in dispute and that [the] Plaintiff is not entitled to judgment as a matter of law") with Def. Mem., D. 22 at 2 (stating that "there is no issue of material fact with respect to Plaintiff's claim and summary judgment should be granted in favor of the Defendants"). To the extent the Defendants intend their memorandum to be a cross-motion for summary judgment, they admit the material elements of Carroca's statement of facts, Def. Resp. to Pl. Stmt. of Facts, D. 23 at 1, they have not introduced their own "concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried," as required under Local Rule 56.1, and, for all of the reasons discussed in this Memorandum and Order, have failed to show that they are entitled to judgment as a matter of law.

> (C) for a workweek longer than forty hours . . .
>
> unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207. All Star admits that it is an "enterprise engaged in commerce or in production of commerce" within the meaning of the FLSA and that it has employed Carroca at all times material to this action. Am. Compl., D. 5 ¶¶ 8-9; Ans., D. 7 ¶¶ 8-9. All Star also admits that there were weeks in which the Plaintiff worked in excess of forty hours per week but was not compensated in an amount equal to 1.5 times his regular rate of pay. D. 7 ¶ 6. All Star argues, however, that it is exempt from the overtime requirement by the statutory exception providing that:

> The [maximum hours] provisions of section 207 of this title shall not apply with respect to-- . . .
>
> (10)(A) any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers . . . .

29 U.S.C. § 213. All Star admits that Carroca was employed as an auto body repairman. D. 19 ¶ 5; D. 23 ¶ 5. Assuming without deciding that an auto body repairman is a "salesman, partsman, or mechanic,"[3] the next question, which the parties dispute, is whether Carroca was

---

[3] The parties do not appear to dispute that an "auto body repairman" is a "salesman, partsman, or mechanic" and the Court will assume this to be true without deciding the issue. 29 C.F.R. § 779.372 provides that a "mechanic is any employee primarily engaged in doing mechanical work (such as get ready mechanics, automotive, truck, or farm implement mechanics, used car reconditioning mechanics, and wrecker mechanics) in the servicing of an automobile, truck or farm implement for its use and operation as such. This includes mechanical work required for safe operation, as an automobile, truck, or farm implement. The term does not include employees primarily performing such nonmechanical work as washing, cleaning, painting, polishing, tire changing, installing seat covers, dispatching, lubricating, or other

"employed by a nonmanufacturing establishment primarily engaged in the business of selling [automobiles, trucks, or farm implements] to ultimate purchasers." The Department of Labor has issued 29 C.F.R. § 779.372, which defines what it means to be "primarily engaged" in said business. According to the regulation, "[a]s applied to the establishment, primarily engaged means that over half of the establishments [sic] annual dollar volume of sales made or business done must come from sales of the enumerated vehicles." Id.; see Donovan v. Bereuter's, Inc., 704 F.2d 1034, 1036-37 (8th Cir. 1983) (construing "the legislative history as indicating that Congress intended the exemption to be narrowly applied and was not designed to exempt those dealers who engage in the retail sales of automobiles to a limited degree").

Here, as All Star acknowledges, D. 22 at 2, All Star has the burden of proof with respect to the applicability of the exemption. Hines v. State Room Inc., 665 F.3d 235, 240 (1st Cir. 2011). Here, All Star has not met that burden where All Star admits that only "approximately ten percent" of All Star's business constitutes automobile sales. Pl. Stmt. of Facts, D. 19 ¶ 2; Def. Resp., D. 23 ¶ 2; see Def. Resp. to Interrog. ¶ 5 (stating that "vehicle sales constitute approximately 10% of the business of Allstar; approximately 90% of the business consists of vehicle repair"). Thus, All Star is incorrect that it falls within the FLSA overtime exemption under 29 U.S.C. § 213. Accordingly, the exemption does not apply to All Star and it is bound by the overtime provisions under 29 U.S.C. § 207.

The next question is whether Defendant Cucurull is jointly liable under the FLSA. Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The First Circuit has followed the Supreme Court's lead in interpreting this definition pursuant to an 'economic reality' analysis.

---

nonmechanical work." The record does not indicate whether Carroca as an "auto body repairman" was engaged in "mechanical work."

Accordingly, there may be multiple 'employers' who are simultaneously liable for compliance with the FLSA." Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33-34 (1st Cir. 2007). FLSA liability can attach to "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees." Id. (quoting Donovan v. Agnew, 712 F.2d 1510, 1514 (1st Cir. 1983)). Here, Cucurull admits that "during all material times herein [he] was president of All Star," D. 19 ¶ 3; D. 23 ¶ 3, which he describes in his response to interrogatories as employing twelve people including himself, D. 17 Exh. 1 ¶ 2. Cucurull also admits that Carroca was "employed by Defendants," i.e., Cucurull and All Star. D. 19 ¶ 5; D. 23 ¶ 5. Moreover, Cucurull does not argue in his opposition that he is not a liable "employer" under the FLSA and there is nothing in the record to suggest otherwise. On this record, there is no genuine dispute of material fact and Cucurull is also liable for the FLSA violations as a matter of law.

  **B.**  **The Defendants are Liable for State Wage Payment Violations Under Mass. Gen. L. c. 148**

Carroca further alleges that the Defendants have violated the payment frequency laws under Massachusetts General Law. Mass. Gen. L. c. 149 § 148 provides, inter alia, that:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . . .

Mass. Gen. L. c. 149 § 148. Carroca alleges that the Defendants have violated this provision because Carroca did not timely receive his overtime wages.[4] The Defendants admit that

---

[4] By statute, Cucurull is liable for the state wage violation because he is the president of All Star. Mass. Gen. L. c. 149 § 148 ("The president and treasurer of a corporation and any

Carroca's pay records, which are in the record, D. 17 Exh. 1 at 16-32, are accurate, D. 23 ¶ 6. These records are broken down on a weekly basis and show that Carroca worked 1,141.25 hours in excess of forty hours per week and that this excess time was distributed across a number of weeks. D. 17 Exh. 1 at 16-32; D. 19 ¶ 6; D. 23 ¶ 6. The records also show no entries under the "O/Time Hours" or "O/Time Wage" column, D. 17 Exh. 1 at 16-32, and the Defendants admit that during weeks when Carroca worked in excess of forty hours per week, the Defendants "did not compensate [him] at the rate of one and one half times his regular rate of pay for those overtime hours worked." D. 19 ¶ 7; D. 23 ¶ 7. Where Carroca did not receive "time and one-half" payment for overtime, there is no genuine dispute of material fact that Carroca did not receive all "wages earned by him" in a timely manner. Mass. Gen. L. c. 149 § 148.

The Defendants do not address this argument in their opposition to summary judgment. The Defendants instead argue that they are subject to an exemption that applies to the payment of overtime wages (under the state overtime statute, Mass. Gen. L. c. 151 § 1A) to a "garageman." D. 22 at 3; see Mass. Gen. L. c. 151 § 1A (defining the state statutory overtime law and stating that "[t]his section shall not be applicable to any employee who is employed . . . as a garageman, which term shall not include a parking lot attendant"). Even if the Defendants' argument that Carroca is a "garageman" is correct, that exemption is not relevant where the plaintiffs are <u>not</u> alleging a violation of the <u>state</u> overtime wage law, Mass. Gen. L. c. 151 § 1A, but instead allege a violation under Mass. Gen. L. c. 149 § 148 governing the timing of wage payments of payments due here under <u>federal</u> overtime law. Am. Compl. D. 5 at 3 ¶¶ 13-17. Accordingly, the Defendants are liable under Mass. Gen. L. c. 149 § 148, where they did not pay all of "the wages earned by him" within the statutory pay period.

---

officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section").

6

### C.     Carroca is Entitled to Treble Damages and Attorney's Fees

Defendants produced their payroll records in discovery and admit that they constitute an accurate record of the time worked.  D. 19 ¶ 6; D. 23 ¶ 6.  According to this uncontroverted evidence, the unpaid overtime in this case is $6,619.50.

The FLSA states that "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216.  "The only way an employer can escape liquidated damages is to 'show[ ] to the satisfaction of the court' that it acted in good faith and had reasonable grounds for believing that its acts did not violate the FLSA."  Chao, 493 F.3d at 35 (quoting 29 U.S.C. § 260).  "[I]t is the employer's burden to show good faith and objective reasonableness."  Id. at 36.  Here, the Defendants have not addressed or made that showing, and under the FLSA Carroca would be entitled to liquidated damages in the amount of $6,619.50.  That statute also provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216.

However, Carroca seeks $19,858.50, treble damages under Massachusetts state law.  D. 17 at 1.  Under Mass. Gen. L. c. 149 § 150, "an employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."  This treble liquidated damages award is mandatory.  Rosnov v. Molloy, 460 Mass. 474, 479 (2011).  Thus, under Massachusetts state law, Carroca is entitled to a treble damage award of $19,858.50.

7

Here, the Court awards the greater of the liquidated damages provisions.  Carroca is not entitled to double recovery of liquidated damages where the basis for liability under Mass. Gen. L. c. 149 § 148 is the failure to pay timely the unpaid overtime wages due under the federal maximum hours statute.  <u>Roman v. Maietta Constr., Inc.</u>, 147 F.3d 71, 74 (1st Cir. 1998) (noting with approval that "under both the FLSA and state law, [the plaintiff] was entitled to liquidated damages in the amount of the unpaid overtime plus costs and attorney's fees" and that "'[p]laintiffs are entitled to be made whole, not to a windfall at the [defendant's] expense'" (quoting <u>D'Camera v. District of Columbia</u>, 722 F. Supp. 799, 803-04 (D.D.C. 1989))); see <u>McGrath v. Mishara</u>, 386 Mass. 74, 84 (1982) (overturning "an improper award of cumulative damages for the same wrong" under multiple statutes).  Since the Massachusetts violation mandates the greater award of treble damages, the Court makes that award, but not an award under the liquidated damages provision of both state and federal law.  See <u>McGrath</u>, 386 Mass. at 84 (denying "two damage awards merely because [of] a violation of both laws [but granting] one award in the larger amount authorized [by one of the laws]").  The Court awards damages to Carroca  in the amount of $19,858.50 and will grant Carroca leave to file an application for his attorney's fees and costs.

### IV.  Conclusion

The Court GRANTS Carroca's motion for summary judgment, D. 17.  The Court ORDERS an award of $19,858.50 in damages and GRANTS Carroca leave to file a petition for his attorney's fees and costs within 14 days of the date of this Order.

**So Ordered.**

<u>/s/ Denise J. Casper</u><br>
United States District Judge