UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK CARROCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-11202-DJC |
| | ) |
| ALLSTAR ENTERPRISES AND | ) |
| COLLISON CENTER, INC. and | ) |
| ROBERT CUCURULL | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR ATTORNEY'S FEE AND COSTS**

**I.     INTRODUCTION**

Plaintiff initiated this suit for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Massachusetts Wage Act, M.G.L. c. 148, §§ 149, 150 ("Wage Act").  The gravamen of the plaintiff's complaint was that the defendants wrongly classified him as exempt from overtime and failed to pay him earned overtime wages.  The case proceeded through discovery, and the plaintiff filed a motion for summary judgment on December 29, 2012.  On July 10, 2013, the Court granted the plaintiff's motion for summary judgment, awarding him $19,858.50 in damages.

As both statutes the plaintiff prevailed under provide for "fee-shifting" to a successful plaintiff, the Court ordered plaintiff's counsel to file an application for fees and costs within 14 days.  This fee application follows.

The plaintiff seeks an award of $13,037.15, consisting of $12,600 in attorney's fees[1] and $437.15 in costs, and submits the following with this motion.

1.  Plaintiff's Contemporaneous Billing Records, **Exhibit A**.
2.  Affidavit of Attorney Nicholas F. Ortiz, **Exhibit B.**
3.  Affidavit of Attorney Kirsten Rostedt, **Exhibit C.**
4.  Letter from Plaintiff's Counsel to Counsel for the Defendants, **Exhibit D.**

## II. Plaintiff is Entitled to an Award of Attorney's Fees

The plaintiff was successful in this case. Pursuant to the Court's order granting him summary judgment on July 10, 2013, the plaintiff is the prevailing party and entitled to her reasonable attorney's fees and costs. This entitles the plaintiff to recover his reasonable attorneys' fees and costs under both the Wage Act and FLSA. *See* 29 U.S.C. § 216(b) ("the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action), and M.G.L. c. 149, § 150 ("An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees).

## III. Attorney's Fees Should Be Calculated Pursuant to the Lodestar Formula

In calculating an award of attorney's fees under a fee-shifting statute, the Court should begin with the "lodestar" figure, which is the hours reasonably expended multiplied an allowed hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988); *Coutin v. Young &*

---

[1] During the course of this case, the Court sanctioned the defendants and ordered them to pay $1,140 in attorneys' fees to the plaintiff. The defendants paid that amount and it has been deducted from the plaintiff's statement of fees, i.e. those billing entries were marked as "non-billable" during the production of **Exhibit A**.

*Rubicam P.R., Inc.*, 124 F.3d 331 (1st Cir.1997). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. *See City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638 (1992); *Blum v. Stenson*, 465 U.S. 886 (1984). The lodestar analysis is applicable to all federal cases involving an attorney's fee shifting statute. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989), *quoting Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428 (1973).

The First Circuit summarized the lodestar method as follows:

> A trial court generally should employ the lodestar method to calculate fees. Under this method, a court usually should begin with the attorneys' contemporaneous billing records. The court should then subtract hours that are duplicative, unproductive or excessive and multiply the reasonable hours billed by the prevailing attorney rate in the community. The resulting amount constitutes the lodestar. After calculating the lodestar, the court may then adjust the award further for any of several reasons, including the quantum of success achieved in the litigation.

*Bogan v. City of Boston*, 489 F. 3d 417, 426 (1st Cir. 2007) (internal citations omitted).

A. <u>Plaintiff's Counsel's Contemporaneous Billing Records</u>

Plaintiff's counsel is attaching contemporaneous billing records and supporting affidavit to this fee application. These records show that attorneys representing the plaintiff spent 41.2 hours in connection with this case.

B. <u>All Work was Reasonable</u>

Plaintiff's counsel prosecuted this case in an efficient manner. From the beginning, the plaintiff's counsel had a clear understanding of the elements of the claims and defenses relevant in this case, and remained focused on proving only what was necessary to prevail. The plaintiff was able to elicit the necessary admissions from the defendants through paper discovery and, thereafter, quickly moved for summary judgment.

Moreover, when it became clear to plaintiff's counsel that the defendant was running an auto body shop and not a car dealership, and couldn't possibly qualify for the claimed exemption, he wrote to counsel for the defendants requesting informal communication on the exemption matter and inviting the defendants to enter into settlement discussion. Plaintiff's counsel specifically cited the accrual of attorney's fees as a reason for the settlement discussions. See Letter to Defendant's Counsel, attached hereto as **Exhibit D**.

As that letter demonstrates, plaintiff's counsel was transparent about his view of this case. The defendants, however, never made a settlement offer in this case, nor did they respond to the invitation to engage in informal settlement discussions. This failure made it necessary for plaintiff's counsel to do the work of moving this case towards a formal resolution.

C. Plaintiff's Counsel's Hourly Rate is Reasonable

Plaintiff's counsel seeks an hourly rate of $300 for much of the case. This same rate is sought by the two attorneys who performed the work in this case. Nicholas F. Ortiz was admitted to the bar in 2002, and Kirsten A. Rostedt was admitted to the bar (NY) in 2001. For the latter part of the case, as of January 1, 2013, Attorney Ortiz seeks

4

a rate of $350/hour, when his hourly rate increased. Sworn affidavits accompany this fee application (**Exhibits B** and **C**). The attorneys; hourly rates are well within the range of current hourly market rates in the greater Boston area for attorneys with commensurate experience.

      D.      <u>Adjustments to the Lodestar Should Not Be Made</u>

The burden of proof is on the party opposing a fee request to present specific evidence that a lower amount is appropriate. *See, e.g., United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) "[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant." *Id. quoting Gates, supra, citing Blum, supra*. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates, supra, citing Blum v. Stenson*, 465 U.S. at 892 n.5. Plaintiff does not request an upward adjustment. If a defendant requests an adjustment downward, factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719, may be considered. *Hensley, supra*. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *United States Football League v. National Football League*, 887 F.2d 408, 415 (2d Cir. 1989) *citing Hensley*, 461 U.S. at 434 n. 9. *See also, Coutin v. Young & Rubicam Puerto Rico, Inc., supra*.

In the absence of persuasive evidence meriting an adjustment, the plaintiff submits that the Court should not depart from the loadstar.

## IV. CONCLUSION

In this case, plaintiff's counsel did only what was reasonable and necessary to achieve a successful outcome for the plaintiff and that outcome was achieved. Moreover, plaintiff's counsel attempted to enter into a dialog with the defendants regarding the merits of the case, and these attempts were rebuffed. The Court should enter an order awarding the fees and expenses sought by the plaintiff.

WHEREORE, the plaintiff requests that the Court award him $13,037.15 in attorney's fees and costs in this action.

Respectfully submitted, this 15th day of July, 2013.

        DEREK CARROCA
        by his attorney,

        */s/ Nicholas F. Ortiz*
        _____
        Nicholas F. Ortiz, BBO# 655135
        29 Commonwealth Ave., Suite 700
        Boston, MA 02139
        (617) 716-0282

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge a true copy of the within document (with exhibits and attachments) was served today upon the attorney of record for each party by ECF servicing.

*/s/ Nicholas F. Ortiz*
_____
Nicholas F. Ortiz