UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK CARROCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-11202-DJC |
| | ) |
| ALL STAR ENTERPRISES AND | ) |
| COLLISION CENTER, INC., and | ) |
| ROBERT CUCURULL, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR AN INJUNCTION**
[Docket No. 31]

August 20, 2014

Boal, M.J.

Plaintiff Derek Carroca ("Carroca") has filed a motion for a permanent injunction to prevent, inter alia, defendants Robert Cucurull ("Cucurull") and All Star Enterprises and Collision Center, Inc. ("All Star") from dissipating any assets. Docket No. 31. For the following reasons, this Court recommends that the District Court deny the motion.[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

Carroca filed this suit against All Star and Cucurull alleging non-payment of overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and non-payment of wages in violation of the Massachusetts Wage Act, M.G.L. ch. 149, §§ 148, 150. Docket No. 5. On December 29, 2012, Carroca filed a motion for summary judgment on both claims, which the District Court granted. Docket Nos. 17, 24. On August 15, 2013, the District Court entered

---

[1] On December 30, 2013, the District Court referred Carroca's motion to this Court for a report and recommendation. Docket No. 33.

1

judgment for Carroca in the amount of $19,858.50, plus attorneys' fees and costs in the amount of $13,037.15.  Docket No. 27.

On September 9, 2013, the District Court issued a writ of first execution.  Docket No. 28.  On September 26, 2013, the writ was returned unexecuted and noted that Cucurull "refused and still refuses to satisfy this execution and show [the process server] any goods, chattels, personal property and/or real property standing in [Cucurull's] name that can be attached or levied upon to satisfy this execution."  Docket No. 29 at 3.  That same day, Carroca filed a motion for supplementary process pursuant to M.G.L. ch. 224, § 14.  Docket No. 30.  On October 15, 2013, Carroca filed the present motion for a permanent injunction, requesting that the Court enjoin Cucurull and All Star, and "their officers, directors, servants, agents, employees and those working in concert with them, from transferring, assigning, pledging, or encumbering any assets outside of the ordinary course of business and for normal and regular living expenses."  Docket No. 31.  On December 30, 2013, the District Court granted Carroca's motion for supplementary process and referred the matter to this Court for a hearing.  Docket No. 32.

At the February 20, 2014 hearing, Cucurull testified that he owned a one-half interest in J&J Auto Sales & Salvage, a salvage yard in Alfred, Maine.  He further stated that there was no mortgage on the property, which he estimated to have a value of approximately $350,000.  At the close of the hearing, Carroca elected not to request any immediate court action pursuant to Massachusetts supplementary process procedures.  He did, however, request a period of seven days within which to withdraw his motion for an injunction or to supply the Court with a further memorandum of law in support of the motion.  This Court granted Carroca's request.  See Docket No. 38.

On February 23, 2014, Carroca filed a notice of his intention to continue to seek injunctive relief. Docket No. 39. He now asks the Court to extend the requested injunction to all assets of Cucurull and All Star, "wherever situated," and specifically requests that the Court enjoin Cucurull from selling or transferring the property in Alfred, Maine. Id. at 2, Ex. 1. Neither Cucurull nor All Star has filed an opposition to Carroca's motion for an injunction.

II.     ANALYSIS

Carroca argues that an injunction is warranted because, inter alia, he wishes to preserve the status quo pending full discovery of the defendants' assets and, without an injunction, the defendants would frustrate the District Court's judgment by disposing of funds and assets. Docket No. 31 at 2. Carroca contends that the Court is empowered to issue the requested permanent injunction on the basis of Fed. R. Civ. P. 65 and its broad equity powers. Docket No. 39 at 1.

   A.     Procedure On Execution: Fed. R. Civ. P. 69

Rule 69 of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Rule 69(a) adopts state law procedures for execution to the extent that they do not conflict with any applicable federal statute. Elias Bros. Rests., Inc. v. Acorn Enters., Inc., 931 F. Supp. 930, 938 (D. Mass. 1996); see also Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993) ("[t]he reference in Rule 69(a) to applicable federal statues appears to refer to federal statutes expressly governing execution . . .") (emphasis in original).

Carroca has not provided any relevant legal support for the requested permanent injunction under Fed. R. Civ. P. 65 or the Court's equity powers.[2]  See Docket No. 39.  In similar circumstances, another federal court explained:

> Rule 69 thus sets out a path upon which judgment creditors must proceed to execute on judgments, and Plaintiff has cited no authority that it or this Court may stray from that path. Put differently, Plaintiff has provided no authority that this Court has the inherent power to issue injunctions to aid a judgment creditor in collection, independent of the practice and procedure of the state in which the district court is held.

Papadopoulous v. Sidi, 547 F. Supp. 2d 1262, 1266 (S.D. Fla. 2008) (internal quotation marks omitted).   On this basis alone, the Court finds that the District Court should deny the request.

  B.  Carroca Is Not Entitled To Injunctive Relief

Carroca's motion fails for other reasons as well.  The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court.  Maldonado v. Mun. of Barceloneta, 682 F. Supp. 2d 109, 162 (D.P.R. 2010).  "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."  Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139 (2010).

To obtain a permanent injunction, Carroca must show that: (1) he has succeeded on the merits of his claim; (2) he is likely to suffer irreparable harm without an injunction; (3) the balance of harms weighs in his favor; and (4) an injunction is in the public's interest.  Delaware Cnty. Emp. Ret. Fund v. Portnoy, No. 13-10405-DJC, 2014 WL 1271528, at *5 (D. Mass. March

---

[2] Indeed, the case law relied upon by Carroca is inapposite.  Two of the cited cases involved an injunction precluding the enforcement of a directive of a federal agency.  See Nat'l Ski Areas Ass'n v. United States Forest Serv., 910 F. Supp. 2d 1269 (D. Colo. 2012); W. Energy Alliance v. Salazar, No. 10-cv-237F, 2011 WL 3738240 (D. Wyo. Aug. 12, 2011).  In the third case, the Eighth Circuit affirmed the denial of a preliminary injunction in a case involving allegations of false advertising.  United Indus. Corp. v. Clorox Co., 140 F.3d 1175 (8th Cir. 1998).  In short, none of the cited cases speak to the propriety of a permanent injunction in aid of execution (whether on out-of-state property or not) on a money judgment.

26, 2014) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).[3]

Irreparable harm is an essential prerequisite for a grant of injunctive relief. Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000). Irreparable harm is "a substantial injury that is not accurately measurable or adequately compensable by money damages." Hearst Stations Inc. v. Aereo, Inc., No. 13-11649-NMG, 2013 WL 5604284, at *7 (D. Mass. Oct. 8, 2013) (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996)). In the context of a motion to freeze assets, a court may find irreparable harm if the plaintiff provides strong evidence demonstrating that the defendant may dissipate or conceal assets. Micro Signal Research, Inc. v. Otus, 417 F.3d 28, 31 (1st Cir. 2005). Irreparable harm typically exists where a party has no adequate remedy at law. 4MVR, LLC v. Warren W. Hill Const. Co., Inc., No. 12-10674-DJC, 2012 WL 3016223, at *5 (D. Mass. Jul. 23, 2012). Where a plaintiff's injury may be remedied through future successful collection efforts, he may fall short of demonstrating irreparable harm. See Papadopoulous, 547 F. Supp. 2d at 1269-70 (denying post-judgment motion for permanent injunction in part because of possibility that compensatory relief would become available at a later date). The fact that a plaintiff "has not successfully collected the full judgment does not mean that Plaintiff has no remedy at law." Id.

Here, Carroca maintains that he would be irreparably harmed if the Court does not issue an injunction preventing the sale or disposition of the defendants' assets, particularly the Maine property. Docket No. 31 at 2; Docket No. 39 at 2. In support, he has presented evidence that,

---

[3] Although Carroca moves for a permanent injunction, he cites the standard for a preliminary injunction. Docket No. 31 at 1-2. In any event, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that [for a preliminary injunction] the plaintiff must show a likelihood of success on the merits rather than actual success." Portnoy, 2014 WL 1271528 at * 5 (citation omitted).

after the judgment issued in this case, Cucurull conveyed real property in Massachusetts to a trust for consideration of one dollar. Docket No. 31 at 2, Ex. B.

This showing is insufficient. First, at the supplementary process hearing, Carroca represented that, after Cucurull conveyed the above-mentioned piece of real property, Carroca filed an action in state court and obtained a preliminary injunction with respect to that transfer. In addition, Carroca has not presented any evidence that the defendants may attempt to transfer or conceal the Maine property.

Second, Carroca's injury is compensable through monetary remedies, i.e. future successful collection efforts. The judgment entered only last year, and Carroca has a number of years to collect on that judgment. Carroca has several adequate legal remedies whereby he may seek to collect on his money judgment, all of which fall under the umbrella of Rule 69(a). Furthermore, as Carroca's counsel acknowledged at the supplementary process hearing, he may also seek to register the judgment in Maine and proceed with supplementary proceedings in accordance with Maine law.

Given the nature of Carroca's injury and his ability to pursue legal means of redress, he has not adequately demonstrated that he would suffer irreparable harm without an injunction. Accordingly, the Court finds that he is not entitled to the requested injunctive relief, and recommends that the District Court deny his motion.

III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Court deny Carroca's motion (Docket No. 31).

V.     REVIEW BY DISTRICT JUDGE

       The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

                                                                         /s/  Jennifer C. Boal           
                                                                         JENNIFER C. BOAL
                                                                         UNITED STATES MAGISTRATE JUDGE